IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TERRY D. DAVIS, )
)
          Plaintiff, )
)
vs. )   Case No. 08-cv-0766-MJR
)
HONEYWELL, INC., )
KEN LEWIS, )
JASON EVERHART, )
RONALD ERICSON, )
and DAVID EDWARDS, )
)
          Defendants. )

## MEMORANDUM and ORDER

REAGAN, District Judge:

      In March 2007, Terry Davis was arrested and charged with threatening a public official – Judge Foster of the Massac County (Illinois) Circuit Court. Although the indictment against Davis ultimately was dismissed, his 20-year employment with Honeywell, Inc. was terminated in the interim.

      In mid-September 2008, Davis filed suit in Massac County Circuit Court, naming five Defendants – his former employer (Honeywell) plus four individuals (identified in the complaint as supervisors or managers at Honeywell). Davis alleged that Honeywell acted through the four individuals to concoct a scheme alleging that Davis had threatened Judge Foster, that this was entirely false, and that the conduct constituted malicious prosecution (Count I), defamation (Count II), intentional infliction of emotional distress (Count III), and negligent infliction of emotional distress (Count IV).

Davis further alleged that Honeywell negligently supervised the four individual Defendants, thereby breaching a duty owed to Davis to properly manage the Honeywell supervisors (Count V) and that Honeywell wrongfully discharged him in violation of Illinois public policy (Count VI).

Claiming that Defendants' conduct resulted in psychological trauma, emotional distress, pain, suffering and lost income, Davis seeks $500,000 in compensatory damages "jointly and severally" against Defendants, $5,000,000 in punitive damages, costs, attorneys' fees, and an Order requiring Defendants to "rescind and reverse any adverse action taken by them in connection with the acts complained of in this Complaint, including but not limited to the termination of employment as of April 5, 2007" (Doc. 4-2, p. 7).

Served with the complaint on October 3, 2008, Defendant Honeywell timely removed the action to this United States District Court, where it was randomly assigned to the Honorable David R. Herndon, Chief Judge. After Judge Herndon recused, the case was reassigned to the undersigned District Judge, who confirmed on threshold review that subject matter jurisdiction lay under the federal diversity statute, 28 U.S.C. § 1332.[1]

On November 7, 2008, Honeywell answered the complaint and moved to dismiss Count II (see Docs. 12, 13). Three days later, the

---

[1] Plaintiff Davis is an Illinois citizen. Defendant Honeywell is a citizen of Delaware and New Jersey. The four individual Defendants were not served as of the date of removal (and the docket reflects no service on them to date). However, the removal notice indicates that Defendant Everhart is a Texas citizen, and Defendants Lewis, Edwards and Ericson are Kentucky citizens.

undersigned Judge set a briefing schedule on the dismissal motion, imposing a December 10, 2008 deadline for Plaintiff Davis to respond (see Doc. 14).

Davis filed no response by the December 10th deadline, sought no extension of the December 10th deadline, and filed no response in the four weeks since that deadline elapsed. Local Rule 7.1(c) of this District provides that failure to respond to a dismissal motion "may, in the court's discretion, be considered an admission of the merits of the motion." In the instant case, the Court deems Davis to have admitted the merits of Honeywell's dismissal motion. Assuming the Court opted to ignore Davis' failure to respond or request an extension of the December 10th deadline, merits-based review of Honeywell's motion (challenging the timeliness of Davis' defamation claim) yields the same conclusion – Count II warrants dismissal.

Honeywell urges the Court to dismiss Count II under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Rule 12(b)(1) covers dismissals for lack of subject matter jurisdiction. Honeywell has not explained how that Rule applies here, and the Court sees no true jurisdictional impediment. Rule (12)(b)(6) covers dismissal for failure to state a claim upon which relief can be granted. Dismissal is warranted under Rule 12(b)(6) if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." **Bell Atlantic Corp. v. Twombly**, **550 U.S. 544, 127 S. Ct. 1955, 1965 (2007)**; **EEOC v. Concentra Health Serv., Inc.**, **496 F.3d 773, 776 (7th Cir. 2007).**

In assessing a complaint or count under Rule 12(b)(6), the District Court accepts as true all well-pled factual allegations and draws all reasonable inferences in plaintiff's favor. ***Tricontinental Industries, Inc., Ltd. v. PriceWaterhouseCoopers, LLP***, 475 F.3d 824, 833 (7th Cir.), *cert. denied*, 128 S. Ct. 357 (2007); ***Marshall v. Knight***, 445 F.3d 965, 969 (7th Cir. 2006); ***Corcoran v. Chicago Park*** District, 875 F.2d 609, 611 (7th Cir. 1989).

Here, Count II fairly notifies Honeywell of the grounds on which the defamation claim rests, ***see Swierkiewicz v. Sorema N.A.***, 534 U.S. 506, 512 (2002), and ***Mosely v. Board of Education of City of Chicago***, 434 F.3d 527, 533 (7th Cir. 2006), but the inquiry does not end there. Although federal complaints need only plead claims not facts, ***Tamayo v. Blagojevich***, 526 F.3d 1074, 1083 (7th Cir. 2008), the pleading regime created by ***Bell Atlantic*** requires the complaint to allege a *plausible* theory of liability against the defendant. ***Sheridan v. Marathon Petroleum Co., LLC***, 530 F.3d 590, 596 (7th Cir. 2008). ***See also Limestone Dev. Corp. v. Village of Lemont, Ill.***, 520 F.3d 797, 803-04 (7th Cir. 2008).

Stated another way, a plaintiff must "show that it is plausible, rather than merely speculative, that he is entitled to relief." ***Id. Accord Pugh v. Tribune Co.***, 521 F.3d 686, 699 (7th Cir. 2008)("surviving a Rule 12(b)(6) motion requires more than labels and conclusions," the

**allegations must "raise a right to relief above the speculative level").**

Count II (Davis' defamation claim) does not present a plausible theory of liability, because the complaint allegations plainly disclose that the claim is barred by the applicable statute of limitations. The statute of limitations in Illinois for defamation claims is one year. **735 ILCS 5/13-201;** ***Davis v. Cook County*, 534 F.3d 650, 654 (7th Cir. 2008);** ***Bryson v. News America Publications, Inc.*, 672 N.E.2d 1207, 1222 (Ill. 1996).** The year begins to run on the date the defamatory statement is made or published. ***Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 923 (7th Cir. 2003).**

Davis alleges that on <u>March 15, 2007</u>, Defendants filed with the Massac County Sheriff's Department a report (or "reports," the complaint uses both singular and plural forms of the noun but only a single date), that the report(s) contained fabricated statements and false accusations against Davis, and that Davis was criminally prosecuted "in large part because of this defamatory publication" (Doc. 4-2, p. 8). Davis did not file suit in Illinois state court until September 19, 2008 – well after the March 2008 deadline for any defamation claim based on Illinois law. Clearly, Davis' defamation claim is time-barred.

One procedural point bears note, however. A Rule 12(b)(6) dismissal motion is an *atypical* avenue to resolve a statute of limitations issue.

The United States Court of Appeals for the Seventh Circuit has explained:

> Dismissal under Rule 12(b)(6) was irregular, for the statute of limitations is an affirmative defense. See Fed.R.Civ.P. 8(c). A complaint states a claim on which relief may be granted whether or not some defense is potentially available…. Resolving defenses comes after the complaint stage.

***U.S. v. Northern Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004).**

In certain circumstances, though, a statute of limitations question may be resolved via dismissal motion. Indeed, eight weeks ago, the Seventh Circuit noted:

> When ruling on a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded allegations as true and draws all reasonable inferences in favor of the plaintiff…. A statute of limitations defense, while not normally part of a motion under Rule 12(b)(6), is appropriate where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." United States v. Lewis, 411 F.3d 838, 842 (7th Cir. 2005).

***Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008).**

The allegations of Davis' complaint plainly establish that his defamation claim is time-barred. Accordingly, dismissal of Count II is appropriate.

For all these reasons, the Court **GRANTS** Defendant Honeywell's motion (Doc. 12) seeking dismissal of Davis' defamation claim as time-barred. Based on that motion and Local Rule 7.1(c), the Court hereby **DISMISSES** Count II of Davis' complaint with prejudice.

One other issue requires immediate attention. The docket sheet for this action shows service on only one of five named Defendants herein – Honeywell. The record before the Court contains neither returns of service on nor entries of appearance on behalf of any of the four individual Defendants: Lewis, Everhart, Ericson or Edwards.

Accordingly, **NOTICE IS HEREBY GIVEN** that any and all of those four individual Defendants shall be dismissed based on Plaintiff's failure to prosecute the action as to them, unless Plaintiff's counsel files proof of service upon those Defendants by **February 2, 2009.**

IT IS SO ORDERED.

DATED this 6th day of January 2009.

s/ ***Michael J. Reagan***
MICHAEL J. REAGAN
UNITED STATES DISTRICT JUDGE